IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALEJANDRO GARZA on behalf of himself individually, and ALL OTHERS SIMILARLY SITUATED et al. <br><br> Plaintiffs, <br><br> v. <br><br> BNSF LOGISTICS, LLC., BNSF RAILWAY COMPANY and TRANSPORTATION TECHNOLOGY SERVICES INC. <br><br> Defendants. | § § § § § § § § § § § § § § § § | Civil Action No. <br><br><br> COLLECTIVE ACTION |

## PLAINTIFF'S ORIGINAL COMPLAINT

1. This case concerns a collective action against Defendants BNSF Logistics, LLC., BNSF Railway Company, and Transportation Technology Services Inc. (hereinafter referred to as "Defendants"). Defendants misclassify their welders as independent contractors instead of as employees. In doing so, Defendants deny those welders the overtime they are entitled under the Fair Labor Standards Act ("FLSA"). Plaintiff brings this case as a collective action under the FLSA and seeks, on behalf of himself and all similarly situated employees, unpaid wages, liquidated damages, penalties, interest, attorneys' fees, and litigation costs.

2. Defendants have enacted a company policy to misclassify the Plaintiff and Class Members as independent contractors, which was enforced at all of their locations throughout the United States. By doing so, Defendants illegally denied Plaintiff and the Class Members compensation at time and one half their regular rates of pay for all hours worked over 40 in a workweek.

3. Through the conduct described in this Complaint, Defendants have violated federal law. Accordingly, Plaintiff, on behalf of himself and all others similarly situated, brings

1

these claims and seeks unpaid compensation, liquidated damages, reasonable attorneys' fees and costs, and all other relief to which he and the Class Members are entitled.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Defendants are subject to personal jurisdiction in Texas because they do business in Texas and in this judicial district.

6. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise the claims in this Complaint took place in this district.

## PARTIES

7. Plaintiff Alejandro Garza worked for Defendants as welder and was misclassified as an independent contractor. He resides in Harris County, Texas. Plaintiff performed work for Defendants in Texas; Oklahoma; Colorado; and New Mexico within the last three years. His written consent is attached in this action.

8. Defendant BNSF Logistics, LLC. is a foreign corporation with locations throughout Texas and the United States. Defendant may be served with process through its Registered Agent, CT Corporation System at 1999 Byran Street, Suite 900, Dallas, Texas 75201-3136.

9. Defendant BNSF Railway Company is a foreign corporation with locations throughout Texas and the United States. Defendant may be served with process through its Registered Agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

10. Defendant Transportation Technology Services Inc. is a foreign corporation with locations throughout Texas and the United States. Defendant may be served with process through

its Registered Agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

11. Plaintiff brings this action on behalf of himself and all other similarly situated welders who were classified as independent contractors and were not paid time and a half for overtime hours worked. Defendants failed to pay these welders overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA.

12. At all times relevant herein, Defendants were joint employers under the FLSA.

## COVERAGE

13. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

14. At all material times, Defendants have been enterprises within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

15. At all material times, Defendants have been enterprises or enterprises in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

16. Furthermore, Defendants have an annual gross business volume of not less than $500,000.

17. At all material times, Plaintiff and each of the Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

## FACTS

18. Defendant, BNSF Railway Company is one of the largest freight railroad networks in North America. It employs thousands of welders throughout the United States and North America.

19. Defendant, BNSF Logistics, LLC. is a transportation intermediary that provides truckload, project cargo, ocean, rail, air, less than truckload, and intermodal services in North America.

20. Defendant, Transportation Technology Services, Inc. is an engineering and logistics company, specializing in handling various aspects of shipping by rail.

21. Defendants utilize Welders and Manual that they classify as independent contractors.

22. Defendants use these Welders nationwide, including in Texas, Oklahoma, Colorado and New Mexico.

23. Defendants employ many welders throughout the United States to carry out Defendants' operations. These employees are subjected to the same or similar illegal pay practices for similar work. Specifically, Defendants classified the Putative Class members as independent contractors and failed to pay them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

24. Plaintiff performed work for Defendants as a Rig Welder from approximately 2015-2017.

25. Plaintiff's job duties included welding components in containers to stabilize products that were set for transportation.

26. Plaintiff was classified by Defendants as an independent contractor.

27. Likewise, the Putative Class Members are also Welders and who perform or performed work for Defendants.

28. The Putative Class Members were also misclassified as independent contractors.

29. The Plaintiff and Putative Class Members are not independent contractors, but are employees.

30. The Plaintiff and Putative Class Members were not paid for overtime hours worked.

31. The Plaintiff and Putative Class Members performed manual labor, welding tasks.

32. Plaintiff regularly worked over 40 hours each week.

33. However, when he worked more than 40 hours, he was not paid any overtime wages for those hours worked in excess of 40.

34. Like Plaintiff, the Putative Class Members regularly worked more than 40 hours each week and were not paid overtime for those hours worked in excess of 40 in a workweek.

35. Given that they were misclassified as independent contractors, they were denied overtime pay.

36. That is, the Putative Class Members also were not paid overtime when they worked more than 40 hours in a workweek.

37. The Putative Class Members performed similar duties as Plaintiff.

38. Putative Class Members worked across the US, including Texas, Oklahoma, Colorado, and New Mexico.

39. Defendants paid Plaintiff and the Class Members in the same manner – an hourly rate.

40. Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and the Class Members.

41. In addition, Defendants instructed Plaintiff and the Putative Class Members about when, where, and how they were to perform their work.

42. Moreover, the following conduct demonstrates that Defendants acted as an employer with respect to Plaintiff and the Putative Class Members:

a. Defendants required Plaintiff and the Putative Class Members to report to their assigned job site at a set time;

b. Defendants paid the Plaintiff and Putative Class Members a non-negotiable hourly rate, like employees;

c. Defendants set forth the required procedures to be followed and the order and manner in which Plaintiff and the Putative Class Members were to perform their work;

d. Plaintiff and the Putative Class Members faced termination if they failed to perform their work in the manner required by Defendants;

e. Defendants assigned Plaintiff and the Putative Class Members a substantial number of hours of work per week;

f. Plaintiff's and the Putative Class Members' services were integrated into Defendants' operations;

g. Plaintiff and the Putative Class Members constituted the workforce without which Defendants could not perform their services;

h. Plaintiff and the Putative Class Members worked for Defendants for long periods of time as is common with employees; and

i. Defendants maintained the right to discharge Plaintiff and the Putative Class Members at any time.

43. Furthermore, the degree of investment Plaintiff and the Putative Class Members made to perform their work pales in comparison to the expenses Defendants incurred.

44. Further, Plaintiff and the Putative Class Members performed work that was integral to the operations of Defendants.

45. Moreover, Defendants supervised and controlled the activities of Plaintiff and the Putative Class Members. Defendants monitored their work, reviewed their work, issued instructions, and directed their work in the manner deemed sufficient by Defendants.

46. Despite these facts, Defendants improperly classified Plaintiff and the Putative Class Members as independent contractors and not as employees.

47. Defendants misclassified the Plaintiff and Putative Class Members as independent contractors to avoid their obligations to pay these employees overtime.

48. However, at all times, Plaintiff and the Putative Class Members were employees of Defendants.

49. Although Plaintiff and Putative Class Members have been required to work more than forty (40) hours per work-week, and did so frequently, they were not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

50. No exemption applies to Plaintiff or the Putative Class Members.

51. Defendants' method of paying Plaintiff and the Putative Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct complied with the FLSA. Defendants' misclassification was not by accident, but a well thought out scheme to reduce their labor costs. Defendants knew the requirement to pay overtime to their employees, but intentionally and/or recklessly chose not to do so. Accordingly, Defendants' violations of the FLSA were willful.

## COLLECTIVE ACTION ALLEGATIONS

52. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

53. Plaintiff has actual knowledge that the FLSA Putative Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendants' misclassification of their employees.

7

54. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendants.

55. Other workers similarly situated to the Plaintiff worked for Defendants throughout the United States, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek because Defendants misclassify them as independent contractors.

56. Although Defendants permitted and/or required the FLSA Putative Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40).

57. Defendants have classified and continue to classify the FLSA Putative Class Members as independent contractors.

58. The FLSA Putative Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as independent contractors by Defendants.

59. The FLSA Putative Class Members are not exempt from receiving overtime pay under the FLSA.

60. As such, the FLSA Putative Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as independent contractors and/or the denial of overtime pay.

61. Defendants' failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Putative Class Members.

62. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of FLSA Putative Class Members.

63. The specific job titles or precise job responsibilities of each FLSA Putative Class Member does not prevent collective treatment.

64. All FLSA Putative Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

65. Although the exact amount of damages may vary among FLSA Putative Class Members, the damages for FLSA Putative Class Members can be easily calculated by a simple formula. The claims of all FLSA Putative Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all FLSA Putative Class Members.

66. As such, the class of similarly situated Plaintiffs is properly defined as follows:

> All current and former Welders classified as independent contractors by Defendants that were not paid time and a half for overtime hours worked over 40 in a week at any time from three years prior to the date of this lawsuit.

## CAUSES OF ACTION

67. Plaintiff incorporates the preceding paragraphs by reference.

68. This count arises from Defendants' violation of the FLSA 29 U.S.C. 201, et seq., for its failure to pay Plaintiff and the FLSA Putative Class Members their overtime pay for the time worked in excess of 40 hours in a workweek.

69. For all hours worked in excess of 40 hours in a workweek, Plaintiff and the FLSA Putative Class members were entitled to be paid one and one-half times their regular rates of pay.

70. Defendants violated the FLSA by failing to compensate Plaintiffs and the FLSA Putative Class members consistent with the FLSA with respect to the amount of work actually performed over 40 hours per week.

71. Plaintiff, on behalf of himself and the FLSA Putative Class, also seeks reimbursement for any and all work related expenses incurred primarily for the benefit of Defendants. Without reimbursement for these expenses in those weeks when they worked

overtime hours, Plaintiff and the FLSA Putative Class Members will not receive pay at time and one half their regular rate of pay for all hours worked over 40.

72. Defendants' failure to pay overtime to Plaintiff and the FLSA Putative Class Members, in violation of the FLSA, was willful and was not based on a good faith and reasonable belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

73. Plaintiff will seek to certify Count I as a collective action and intends to recover all back wages, liquidated damages, penalties and prejudgment interest thereon due to Plaintiff and the other employees he represents.

## JURY DEMAND

74. Plaintiff hereby demands trial by jury on all issues.

## PRAYER

75. For these reasons, Plaintiff prays for:

   a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) for the FLSA Putative Class Members to permit them join this action by filing a written notice of consent;

   b. A judgment against Defendants awarding Plaintiff and the FLSA Putative Class Members all their unpaid overtime compensation, reimbursement of expenses, liquidated damages, and statutory penalties;

   c. An order awarding attorneys' fees, costs, and expenses;

   d. Pre- and post-judgment interest at the highest applicable rates; and

   e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

THE FOLEY LAW FIRM

By: */s/ Taft L. Foley II*
    Taft L. Foley, II
    Federal I.D. No. 2365112
    State Bar No. 24039890
    3003 South Loop West, Suite 108
    Houston, Texas 77054
    Phone: (832) 778-8182
    Facsimile: (832) 778-8353
    Taft.Foley@thefoleylawfirm.com
    ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

    I certify that on this February 4, 2018, a true and correct copy of the foregoing instrument was filed through the Court's electronic case filing which will serve a copy of this document electronically on all counsel of record.

    */s/ Taft L. Foley II*
    Taft L. Foley, II